**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
JOEL A. PISANO
JUDGE

CLARKSON S. FISHER BUILDING &
U.S. COURTHOUSE
402 EAST STATE STREET
TRENTON, NJ 08608
(609) 989-0502

**LETTER OPINION**

January 15, 2008

Re: *United States v. Marvin Jeovany Cruz Molina*[1]
Civil Action No. 07-4053 (JAP)

Counsel:

    Before the Court is a "Petition for Writ of Habeas Corpus" filed by Marvin Jeovany Cruz Molina ("Petitioner"). Petitioner is presently incarcerated, charged with illegal reentry into the United States in violation of 8 U.S.C. § 1326(a). This petition, however, does not challenge Petitioner's current confinement. Rather, it seeks relief with respect to the deportation order underlying the present indictment, arguing that Petitioner was erroneously denied relief under § 212(c) of the Immigration and Nationality Act when Petitioner was ordered removed to Honduras in 1998. Petitioner also challenges the denial in 2005 by the Board of Immigration Appeals of his special motion[2] to reopen his case to permit him to apply for § 212(c) relief. Petitioner asks this Court for an order "requiring the Department of Homeland Security to afford [Petitioner] a 212(c) hearing on the merits of his application" and "barring the government from deporting [petitioner] . . . until such hearing is held." Pet. Brf. at 34.

    As an initial matter, the Court notes that the petition appears to suffer from certain procedural defects. First, Petitioner does not expressly specify the statute under which he is brings his petition. The Court, however, construes the petition as brought pursuant to 28

---

    [1]Although a petition for a writ of habeas corpus is entirely separate from an ongoing criminal proceeding and is docketed as a separate civil matter, Petitioner has captioned his petition using the caption from his pending criminal matter.

    [2]After the Supreme Court's decision in *INS v. St. Cyr*, 533 U.S. 289, 121 S. Ct. 2271, 150 L. Ed.2d 347 (2001), the government promulgated regulations that provide for a "special motion" to reopen allowing aliens who agreed to plead guilty (or nolo contendere) to certain crimes prior to April 1, 1997, to apply for § 212(c) relief.

U.S.C. § 2241, as relief under 28 U.S.C. § 2254 or § 2255 is not available to Petitioner because he is neither a "person in custody pursuant to a judgment of a State court" nor a "prisoner in custody under sentence of a court established by Act of Congress."

Second, Petitioner fails to name a proper respondent. The proper respondent to a § 2241 petition is "the person having custody of the person detained." 28 U.S.C. § 2243. Generally, this is the warden of the prison where the petitioner is held. *Yi v. Maugans*, 24 F.3d 500, 507 (3d Cir.1994) ("It is the warden of the prison or the facility where the detainee is held that is considered the custodian for purposes of a habeas action."). It appears here that Petitioner has directed his petition to the United States, and the United States is not a proper respondent.

Additionally, there is a larger jurisdictional problem with the petition. On May 11, 2005, the Real ID Act of 2005, Pub. L. No. 109-13, Div. B., 119 Stat. 231 (the "Act"), was enacted, stripping the district courts of habeas jurisdiction over removal orders. Section 106 of the Act amended 8 U.S.C. § 1252(a) by adding the following:

> (5) Exclusive means of review
>
> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

8 U.S.C. § 1252(a)(5).

This statute also provides that all questions of fact or law that arise from removal proceedings can be addressed only in a petition for review to the appropriate court of appeals. *See id.* at § 1252(b)(9) ("Judicial review of all questions of law and fact . . .arising from any action taken or proceeding brought to remove an alien from the United States . . . shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28, or any other habeas corpus provision, . . . to review such an order or such questions of law or fact.). Thus, the sole and exclusive means for Petitioner to challenge his

removal order or the denial of his motions to reopen or reconsider is by filing a petition for review in the Third Circuit. *Id.*; Jordon *v. Attorney General*, 424 F.3d 320, 326 (3d Cir. 2005) ("[T]he Act expressly eliminated district courts' habeas jurisdiction over removal orders."); *Duvall v. Attorney General*, 436 F.3d 382, 386 (3d Cir. 2006) ("The sole means by which an alien may now challenge an order of removal is through a petition for review directed to the court of appeals.").

      This Court, therefore, lacks jurisdiction over the petition and the petition is hereby dismissed. An appropriate Order accompanies this Opinion.

                /s/ JOEL A. PISANO
                Joel A. Pisano, U.S.D.J.